# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY M. HENNING, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) | No. 19-1301-JDT-cgc |
| MADISON COUNTY, TENNESSEE, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On December 30, 2019, Plaintiff Johnny M. Henning, who is incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Henning filed the necessary documents, the Court issued an order on January 13, 2020, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) Henning sues Madison County.

Henning alleges various problems with the conditions at the CJC, including double-celling of inmates in overcrowded conditions and confinement of inmates in cells without hot water for more than one week. (ECF No. 1 at PageID 2.) He contends the CJC in general is "unfit for human habitation." (*Id.*) Henning further alleges that inmates are not adequately protected from the likelihood of violent attacks and that some inmates are confined in segregation for more than one week without physical exercise. (*Id.*) He alleges these conditions violate his rights under article 1, section 32 of the Tennessee Constitution. (*Id.*)

Henning seeks compensation of $5 million and wants the CJC rid of black mold and overcrowding. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594

2

(6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Henning filed his complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Though Henning alleges the conditions at the CJC violate the Tennessee Constitution, Tennessee does not recognize actions for damages for violations of the Tennessee Constitution. *See Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W. 3d 434, 444-45 (Tenn. Ct. App. 1999); *see also Siler v. Scott*, No. E2017-01112-COA-R3-CV, 2019 WL 2306932, at *11 (Tenn. Ct. App. May 30, 2019). However, because Henning used the § 1983 complaint form, the Court presumes he also contends the conditions at the CJC violate his rights under the United States Constitution.

Henning has sued Madison County, which may be held liable under § 1983 *only* if Henning's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal or county liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the

3

municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Henning does not allege that a Madison County policy is responsible for the conditions of the CJC. He merely alleges that the unpleasant conditions exist. Henning therefore fails to state a claim against Madison County.

Moreover, the allegations in the complaint in this case are stated only generally, asserting that "inmates" at the CJC are affected by the conditions. Henning, however, does not have standing to assert claims on behalf of any inmate other than himself, *see Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989), and there are no factual allegations in the complaint setting out how he was personally affected or harmed by the conditions of which he complains. One of the three elements of standing is that "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote and citations omitted). "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted). Unless Henning suffered an actual injury, he "was not the aggrieved party, [and] he lacks standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001).

Because Henning cannot sue on behalf of other CJC inmates and has not alleged that he suffered any personal injury from the conditions of which he complains, he has not established that he has standing to pursue this action and has failed to state a claim on which relief may be granted. Therefore, the complaint is subject to dismissal.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Henning should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Henning's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one days after the date of this order, on or before **February 5, 2020**.

Henning is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in

the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Henning fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

                                                 s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE