UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOHNNY M. HENNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1301-JDT-cgc |
| | ) | |
| MADISON COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING MOTION TO AMEND, DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On January 15, 2020, the Court dismissed the *pro se* prisoner complaint Plaintiff Johnny M. Henning filed against Madison County, Tennessee, but allowed him to file an amended complaint. (ECF No. 7.) Henning timely filed a motion to amend, (ECF No. 8), which is GRANTED. The amendment is before the Court for screening.

In his amendment, Henning states he is "suing the Madison County T.N. Mayor, and all other government official[s]." (*Id.* at PageID 25.) However, he does not identify any of these government officials; therefore, they are not proper defendants.[1] Henning

---

[1] Service of process cannot be made on unidentified parties, and the filing of a complaint against such unknown defendants does not toll the running of the statute of limitation. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party." (citation omitted)).

alleges that his rights under the Tennessee Constitution have been violated because the Madison County Criminal Justice Complex (CJC) is an "unfit building fester[ing] with mold, and mildew." (*Id.*) He alleges this amounts to cruel and unusual punishment and further states, "[i]n the Bible, in the book of Levitic[u]s 14:33-47 God gives instructions on mold and mildew. There's no Law Higher than God Law." (*Id.*) Henning asks for monetary compensation of $5 million dollars "for the declining of my health due to the mold." (*Id.*)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 7 at PageID 20-21), and will not be reiterated here.

For the same reasons discussed in the prior order, Henning's amended complaint fails to state a claim. As the Court noted, (*id.* at PageID 21), there is no private right of action for damages under the Tennessee Constitution. *See Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W.3d 434, 444-45 (Tenn. Ct. App. 1999). Again construing his claims as brought under 42 U.S.C. § 1983, Henning also fails to sufficiently identify any responsible party who may be sued under that provision. As previously stated, (ECF No. 7 at PageID 21-22), Madison County may not be held liable under § 1983 unless Henning sustained an injury due to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). However, he does not allege that a Madison County policy is responsible for the conditions at the CJC.

Even if Henning had sufficiently identified and named any individual Madison County "government officials," he has not alleged how any of them are personally

2

responsible for the conditions at the CJC. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A government official who is aware of the unconstitutional conduct of his subordinates but fails to act generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006).

Additionally, though Henning asks for compensation for his declining health, he does not include any details about how his health has been adversely affected by the mold.

For these reasons, the Court finds that Henning's amended complaint also fails to state a claim on which relief can be granted. Therefore, this case is DISMISSED in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Henning in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED that any appeal in this matter by Henning would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Henning nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take

3

advantage of the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Henning is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Henning, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                      s/ **James D. Todd**
                                                      JAMES D. TODD
                                                      UNITED STATES DISTRICT JUDGE